**COLT B. DODRILL, ESQ.**
Nevada Bar No. 9000
**WOLFE & WYMAN LLP**
980 Kelly Johnson Drive, Ste 140
Las Vegas, NV  89119
Tel: (602) 953-0100
Fax: (602) 953-0101
cbdodrill@wolfewyman.com

**Attorneys for Plaintiff**
**GREEN TREE SERVICING LLC**

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br><br>    Plaintiff,<br>v.<br><br>ELKHORN COMMUNITY ASSOCIATION; S. AYRES, TRUSTEE OF THE 8117 GUAVA NECTAR TRUST; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 8117 Guava Nectar Ave., Las Vegas, NV 89131,<br><br>    Defendants. | CASE NO. 2:15-cv-00477-APG-VCF<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT FOR QUIET TITLE** |
| S. AYRES, TRUSTEE OF THE 8117 GUAVA NECTAR TRUST,<br><br>    Counterclaimant,<br>v.<br><br>GREEN TREE SERVICING, LLC, DOES 1 through X, inclusive,<br><br>    Counterdefendant. | |
| S. AYRES, TRUSTEE OF THE 8117 GUAVA NECTAR TRUST,<br><br>    Third-Party Plaintiff,<br>v.<br><br>LAURENCE WILLIAMS; JENNIFER WILLIAMS; DOES 1 through X, inclusive,<br><br>    Third-Party Defendants. | |

1

2034867.1

**STIPULATION**

It is hereby stipulated and agreed by and between GREEN TREE SERVICING LLC, ELKHORN COMMUNITY ASSOCIATION, and S AYRES, TRUSTEE OF THE 8117 GUAVA NECTAR TRUST (collectively as the "Parties"), by and through their respective counsels of record, that GREEN TREE SERVICING LLC may file the First Amended Complaint attached to this Stipulation as Exhibit "1."

The Parties are stipulating in the interest of judicial economy and this Stipulation shall not be construed to prejudice any claims or defenses asserted by the Parties in this action.

IT IS SO STIPULATED.

DATED this 1st day of July, 2015.                DATED this 1st day of July, 2015.

By:/s/ Colt B. Dodrill                  .          By:/s/ Edward D. Boyack                  .
    Colt B. Dodrill, Esq.                              Edward D. Boyack, Esq.
    Nevada Bar No. 9000                                Nevada Bar No. 5229
    Yanxiong Li, Esq.                                  BOYACK & TAYLOR
    Nevada Bar No. 12807                               401 n. Buffalo Drive, Suite 202
    WOLFE WYMAN, LLP                                   Las Vegas, NV 89145
    980 Kelly Johnson Drive, Suite 140                 Attorneys for Defendant,
    Las Vegas, NV 89119                                ELKHORN COMMUNITY ASSOCIATION
    Attorneys for Plaintiff,
    GREEN TREE SERVICING, LLC

DATED this 1st day of July, 2015.

By:/s/ Aaron R. Dean                  .
    Aaron R. Dean, Esq.
    Nevada Bar No. 9541
    THE DEAN LEGAL GROUP, LTD.
    725 S. 8th Street, Suite B
    Las Vegas, NV 89101
    Attorneys for Defendant,
    S. AYRES, TRUSTEE OF THE 8117
    GUAVA NECTAR TRUST

2

2034867.1

**ORDER**

Based upon the stipulation of the parties, it is hereby Ordered that Plaintiff GREEN TREE SERVICING LLC be allowed to file its First Amended Complaint in this matter.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
Dated: July 1, 2015

Pursuant to Local Rule 15-1(b),
IT IS FURTHER ORDERED that Plaintiff must file and serve the First Amended Complaint on or before July 8, 2015.

2034867.1

# EXHIBIT "1"

# EXHIBIT "1"

COLT B. DODRILL, ESQ.
Nevada Bar No. 9000
WOLFE & WYMAN LLP
980 Kelly Johnson Drive, Ste 140
Las Vegas, NV  89119
Tel: (602) 953-0100
Fax: (602) 953-0101
cbdodrill@wolfewyman.com

Attorneys for Plaintiff
GREEN TREE SERVICING LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br><br>　　　　Plaintiff,<br>　v.<br><br>ELKHORN COMMUNITY ASSOCIATION; S. AYRES, TRUSTEE OF THE 8117 GUAVA NECTAR TRUST; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 8117 Guava Nectar Ave., Las Vegas, NV 89131<br><br>　　　　Defendants. | CASE NO.:  2:15-cv-00477-APG-VCF<br><br>**FIRST AMENDED COMPLAINT FOR QUIET TITLE** |

GREEN TREE SERVICING, LLC ("Green Tree"), by and through its counsel of record, Wolfe & Wyman LLP, hereby complains against Defendants as follows:

**STATEMENT OF JURISDICTION**

1.　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this claim challenges the constitutionality of Nevada's HOA foreclosure statutes.

2.　This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

///

1

2008855.1

3. This matter involves certain real estate located at 8117 Guava Nectar Ave., Las Vegas, NV 89131 ("Subject Property") and falls under the jurisdiction of this Court.

## PARTIES

4. Green Tree is a limited liability company organized under the laws of Delaware.

5. Upon information and belief, Defendant, S. AYRES, TRUSTEE OF THE 8117 GUAVA NECTAR TRUST ("GNT") is a resident and Citizen of the State of Nevada.

6. Defendant, ELKHORN COMMUNITY ASSOCIATION is a Nevada non-profit corporation with its principal place of business in Nevada.

7. Green Tree is unaware of the true names and capacities, whether corporate, individual, associate, or otherwise of the other Defendants, and therefore sues those Defendants by fictitious names DOE or ROE BUSINESS ENTITY. When Green Tree ascertains the identities and exact nature of such fictitious Defendants, it will seek leave of this Court to amend this Complaint to assert the true names thereupon.

## FACTUAL ALLEGATIONS

8. This action centers around the parties' rights in that certain real property commonly described as 8117 Guava Nectar Ave., Las Vegas, NV 89131; APN 125-16-317-040 (the "Subject Property"). The Subject Property is legally described as follows:

> LOT EIGHTY-TWO (82) IN BLOCK THREE (3) OF ELKHORN SPRINGS PARCEL 2-UNIT 2, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 80 OF PLATS, PAGE 36, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

9. Green Tree is informed and believes and thereon alleges that the Subject Property falls within the Covenants, Conditions, and Restrictions of the Elkhorn Community Association.

*Green Tree's Interest in the Property*

10. Green Tree is informed and believes and thereon alleges that at all times relevant to this action, Laurence and Jennifer Williams were title owner of record of the Subject Property.

11. In 1998, the Subject Property was conveyed to Laurence and Jennifer Williams. A Grant, Bargain, Sale Deed evidencing the conveyance was recorded[1] on or about April 30, 1998 as

---
[1] Unless stated otherwise, all recorded documents referred to herein were recorded in the official records of the Clark County Recorder.

2

2008855.1

1  Book and Instrument 980430.02290.  A true and correct copy of the Grant, Bargain, Sale Deed is
2  attached as Exhibit 1.
3       12.    Green Tree is informed and believes and thereon alleges that on or about January 26,
4  2005, Laurence and Jennifer Williams entered into a mortgage loan transaction ("Subject Loan") in
5  which they borrowed $205,000.00 from Countrywide Home Loans, Inc. ("Countrywide"), evidenced
6  by a Note and secured by the Subject Deed of Trust encumbering the Subject Property recorded in
7  the official records of the Clark County Recorder on January 31, 2005 as Instrument Number
8  20050131-0004157.  A true and correct copy of the Subject Deed of Trust is attached as Exhibit 2.
9       13.    On or about June 14, 2005 Laurence and Jennifer Williams obtained a second
10 position line of credit loan in the amount of $62,300.00, secured by a second position Deed of Trust
11 recorded in the official records of the Clark County Recorder on June 14, 2005 as Instrument
12 Number 20050614-0001679.  A true and correct copy of the Subject Deed of Trust is attached hereto
13 as Exhibit 3.
14      14.    On or about June 06, 2012, an Assignment of Deed of Trust was recorded as Book
15 and Instrument Number 201206060000232 whereby Mortgage Electronic Registration Systems, Inc.,
16 as nominee, assigned the Subject Deed of Trust to Bank of America, N.A., Successor by Merger to
17 BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP.  A true and correct
18 copy of the Corporation Assignment of Deed of Trust is attached as Exhibit 4.
19      15.    On or about June 27, 2013, an Assignment of Deed of Trust was recorded as Book
20 and Instrument Number 201306270002461 whereby Bank of America, N.A. assigned the Subject
21 Deed of Trust to Green Tree Servicing LLC.  A true and correct copy of the Assignment of Deed of
22 Trust is attached as Exhibit 5.
23      16.    Green Tree is the current beneficiary of the Subject Deed of Trust and servicer of the
24 Subject Loan.
25 ***The HOA Foreclosure and GNT's Alleged Acquisition of the Property***
26      17.    The Property is subject to a Declaration of Covenants, Conditions & Restrictions of
27 the HOA (the "CC&Rs").  The CC&Rs were recorded on or about March 22, 1995, as Book and
28 Instrument Number 950322.00346.  A true and correct copy of the CC&Rs is attached as Exhibit 6.

18. On or about July 08, 2010, a Notice of Delinquent Assessment Lien was recorded as Book and Instrument Number 2010070800017295 on behalf of the HOA by its foreclosure agent. A true and correct copy of the Lien for Delinquent Assessment is attached as Exhibit 7.

19. The Notice of Delinquent Assessment Lien referred to in the above paragraph recites the "Amount due as of 7/6/2010 $754.45."

20. On or about August 20, 2010, a Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien was recorded as Book and Instrument Number 201008200001205 on behalf of the HOA by its foreclosure agent. A true and correct copy of the Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments is attached as Exhibit 8.

21. On or about January 17, 2013, a Notice of Sale was recorded as Book and Instrument Number 201301170000883 on behalf of the HOA by its foreclosure agent. A true and correct copy of the Notice of Sale is attached as Exhibit 9.

22. The Notice of Sale identified in the above paragraph recites that the property would be sold for "the amount of $4,063.75 as of 1/16/2013, which includes the total amount of the unpaid balance and reasonably estimated costs, expenses and advances at the time of the initial publication of this notice."

23. None of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

24. None of the aforementioned notices identified above specified what portion of the lien, if any, that the HOA claimed constituted a "super-priority" lien.

25. None of the aforementioned notices identified above specified whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

26. None of the aforementioned notices identified above provide any notice of a right to cure.

27. On or about June 19, 2013, a Trustee's Deed Upon Sale was recorded as Book and Instrument Number 201306190000830 stating that GNT had prevailed at an HOA lien foreclosure sale conducted on March 29, 2013. The deed indicates a sale price of $5,164.00. A true and correct

1   copy of the Trustee's Deed Upon Sale is attached as Exhibit 10.

2       28.    Upon information and belief, the sales price at the HOA Sale was $5,164.00.

3       29.    Green Tree is informed and believes that it or its predecessors in interest attempted to
4   cure the HOA lien prior to the HOA sale.

5       30.    Green Tree is informed and believes that the HOA and/or its agent refused to provide
6   Green Tree and/or its predecessors information sufficient to allow it to cure the HOA lien prior to
7   sale.

8       31.    Alternatively, Green Tree is informed and believes that the HOA and/or its agent
9   refused the tender of payment from Green Tree and/or predecessors to cure the HOA superpriority
10  lien prior to the HOA sale.

11      32.    Green Tree is informed and believes that, to the extent Green Tree and/or
12  predecessors cured the HOA superpriority lien prior to sale, the HOA sale proceeded under the non-
13  superpriority amount such that Green Tree's Deed of Trust was not extinguished by the HOA sale.
14  Alternatively, Green Tree is informed and believes that because the HOA and/or its agent refused
15  Green Tree's tender of the HOA superpriority lien prior to the HOA sale, that the HOA sale
16  proceeded in bad faith and/or in a commercially unreasonable manner and is invalid and should be
17  set aside here.

18      33.    Upon information and belief, the HOA and its foreclosure agents did not comply with
19  all mailing and noticing requirements stated in N.R.S. 116.31162 through N.R.S. 116.31168.

20      34.    Upon information and belief, the HOA assessment lien and foreclosure notices
21  included improper fees and costs in the amount demanded.

22      35.    The HOA Sale violated Green Tree's rights to due process because it, its agents, loan
23  servicers, and/or predecessors in interest were not given proper, adequate notice and the opportunity
24  to cure the deficiency or default in the payment of the HOA's assessments.

25      36.    The HOA Sale was an invalid sale and could not have extinguished Green Tree's
26  secured interest because of defects in the notices given, if any, to Green Tree, its agents, loan
27  servicers, and/or predecessors in interest.

28      37.    Without providing Green Tree or its agents, loan servicers, or predecessors in interest

5

2008855.1

with notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA's foreclosure sale is commercially unreasonable and deprives Green Tree, its agents, loan servicers, and/or predecessors in interest of their right to due process.

38. Extinguishment of Green Tree's Deed of Trust would deprive it of its right to due process because the HOA included amounts in its super-priority lien, such as fines, late fees, interest, dues, and costs of collection that are not allowed to be included in its super-priority lien, if any, under Nevada law.

39. Extinguishment of Green Tree's Deed of Trust would deprive it of its right to due process because the HOA's foreclosure trustee and/or the HOA failed to describe the deficiency in payment as required by Nevada law and failed to give Green Tree, its agents, loan servicers, and/or predecessors in interest, any reasonable opportunity to satisfy the super-priority lien, if any.

40. The HOA assessment lien and foreclosure notices included costs of collection and fees that are not permissible under N.R.S. 116.3102 et seq.

41. The HOA Sale did not comply with N.R.S. 116.3102 et seq.

42. Upon information and belief, at the time of the HOA Sale, the amount owing on the Subject Loan was approximately $204,000.00.

43. Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $100,000.00.

44. The amount paid by GNT at the HOA Sale, upon information and belief, was approximately $5,164.00.

45. The sale price at the HOA Sale is not commercially reasonable when compared to the debt owed to Green Tree on the Subject Loan and the fair market value of the Property.

46. The HOA Sale was invalid because it was conducted in a commercially unreasonable manner.

47. The HOA Sale by which GNT took its interest was commercially unreasonable if it extinguished Green Tree's Deed of Trust.

6

2008855.1

**1**  48. The sales price to GNT, when compared to the outstanding balance of Green Tree's Note and Deed of Trust and the fair market value of the Property, demonstrates that the HOA Sale was not commercially reasonable or conducted in good faith.

49. The HOA Sale is commercially unreasonable because the HOA's foreclosure trustee and/or the HOA failed to describe the deficiency in payment as required by Nevada law and failed to give Green Tree, its agents, loan servicers, and/or predecessors in interest any reasonable opportunity to satisfy the super-priority lien.

50. The HOA Sale was an invalid sale and could not have extinguished Green Tree's secured interest because it was not a commercially reasonable sale.

51. Because the CC&Rs contained a Mortgagee Protection Clause, and because Green Tree, its agents, loan servicers, and/or predecessors in interest were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing, Green Tree was not on notice that it had to attend the HOA Sale to protect its security interest.

52. Because the CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

53. GNT and the HOA knew that Green Tree would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs, and knew that Green Tree, its agents, loan servicers, or predecessors in interest would not know that the HOA was foreclosing on super-priority amounts because of the failure of the HOA and the HOA's foreclosure trustees' failure to provide such notice. Green Tree's absence from the HOA Sale allowed GNT to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

54. GNT and the HOA knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Green Tree was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because the HOA and the HOA's foreclosure trustees improperly failed to provide such notice. The general

public's belief therefore was that a buyer at the HOA Sale would take title to the Property subject to Green Tree's Deed of Trust. This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed GNT to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

55. The circumstances of the HOA Sale of the Property breached the HOA's, HOA's foreclosure trustee' and the other Defendants' obligation of good faith under N.R.S. 116.1113 and their duty to act in a commercially reasonable manner.

56. Green Tree is informed and believes that GNT is a professional property purchaser.

57. The circumstances of the HOA Sale of the Property and GNT's status as a professional property purchaser prevent GNT from being deemed a bona fide purchaser for value.

## FIRST CAUSE OF ACTION

### (Quiet Title versus GNT)

58. Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

59. Pursuant to 28 U.S.C. § 2201 and N.R.S. 40.010, this Court has the power and authority to declare Green Tree's rights and interests in the Property and to resolve the parties' adverse claims in the Property.

60. Green Tree's Deed of Trust is a first secured interest on the Property as intended by N.R.S. 116.3116(2)(b).

61. As the current beneficiary under the Subject Deed of Trust securing the Subject Loan, Green Tree retained its first position status in the chain of title for the Property after the HOA Sale.

62. GNT claims an interest in the Property through a Trustee's Deed Upon Sale recorded in the Clark County Recorder's Office as Book and Instrument Number 201306190000830 which is adverse to Green Tree's interest.

63. The HOA Sale could not have extinguished Green Tree's secured interest for the reasons set forth above in the Factual Allegations.

64. Based on the adverse claims being asserted by the parties, the parties are entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

65. Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and N.R.S. 40.010, that Green Tree is the beneficiary of a first position Deed of Trust which still encumbers the Property.

66. Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and N.R.S. 40.010, that Green Tree's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by GNT through the Trustee's Deed Upon Sale.

67. It has been necessary for Green Tree to retain counsel in order to file this lawsuit, as a result, Green Tree is entitled to its costs and a reasonable attorneys' fee.

## SECOND CAUSE OF ACTION

### (Declaratory Relief versus all Defendants)

68. Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

69. Pursuant to 28 U.S.C. § 2201, this Court has the power and authority to declare Green Tree's rights and interests in the Property and to resolve the parties' adverse claims in the Property.

70. The Subject Deed of Trust is a first secured interest on the Property whose priority is protected by N.R.S. 116.3116(2)(b).

71. As the current beneficiary under the Deed of Trust, Green Tree's interest in the Property retained its first position status in the chain of title after the HOA Sale.

72. GNT claims an interest in the Property through a Trustee's Deed Upon Sale recorded in the Clark County Recorder's Office as Book and Instrument Number 201306190000830 which is adverse to Green Tree's interest.

73. Green Tree is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

74. Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that its secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by GNT through the Trustee's Deed Upon Sale, or held or claimed by any other party.

75. Green Tree is entitled to a declaration that the HOA Sale conducted by the HOA did not affect or extinguish Green Tree's rights, status, legal relations and interest in the Property.

76. In the alternative, Green Tree is entitled to a determination from this Court that the HOA Sale was not a valid sale and conveyed no legitimate interest to GNT.

77. Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### THIRD CAUSE OF ACTION

**(Unconstitutional Statute versus all Defendants)**

78. Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

79. This Court has the duty and jurisdiction to declare unconstitutional any law that violates a protected right.

80. Nevada's HOA foreclosure statutes violate the Due Process Clauses of the Nevada and United States Constitutions because the opt-in notice provisions do not mandate that reasonable and affirmative steps be taken to give actual notice to lenders and other holders of recorded security interests prior to a deprivation of their property rights.

81. Because the Statutes do not require the foreclosing party to take reasonable steps to ensure that actual notice is provided to interested parties who are reasonably ascertainable (unless the interested party first requests notice) they do not comport with long standing principles of constitutional due process.

82. As a direct and proximate result of the above, Nevada's HOA foreclosure statutes are facially unconstitutional in violation of the Due Process Clauses of both the United States and Nevada Constitutions and should be stricken.

83. Green Tree is entitled to a determination from this Court that because the HOA Sale proceeded under an unconstitutional statute, it was not a valid sale, conveyed no legitimate interest to GNT, and did not extinguish Green Tree's Deed of Trust.

84. Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Green Tree Servicing, LLC prays for relief as follows:

1. For a judgment determining that Nevada's HOA foreclosure statutes are stricken as unconstitutional;

2. For a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to GNT;

3. For a judgment quieting title and declaring that Green Tree's Deed of Trust continues to encumber the Property;

4. For a declaration and determination that Green Tree's interest is secured against the Subject Property, and that Green Tree's first Deed of Trust was not extinguished by the HOA Sale;

5. For a declaration and determination that Green Tree's interest is superior to the interest of GNT and all other parties;

6. For a preliminary injunction that GNT, its successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property that is claimed to be superior to Green Tree's Deed of Trust or not subject to that Deed of Trust;

7. For a preliminary injunction that GNT be required to pay all taxes, insurance and homeowner's association dues and segregate and deposit with the Court or a Court-approved trust account over which GNT has no control during the pendency of this action;

8. If it is determined that Green Tree's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Subject Loan, plus interest, at the time of the HOA Sale, whichever is greater;

9. For general and special damages;

10. For costs incurred herein, including post-judgment costs;

11. For attorney's fees; and

///
///
///
///
///
///

1    12.     For any and all further relief deemed appropriate by this Court.

DATED:  June _____, 2015            WOLFE & WYMAN LLP


                                    By:/s/ *Colt B. Dodrill*
                                        COLT B. DODRILL, ESQ.
                                        Nevada Bar No. 9000
                                        980 Kelly Johnson Drive, Ste. 140
                                        Las Vegas, NV  89119

                                         Attorneys for Plaintiff,
                                        GREEN TREE SERVICING LLC

2008855.1