UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br><br>Plaintiff,<br><br>v.<br><br>ELKHORN COMMUNITY ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 2:15-cv-00477-APG-CWH<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 86) |

Attorney Aaron Dean of The Dean Legal Group, Ltd is counsel of record for Steve Ayres, Trustee of the 8117 Guava Nectar Trust. In August 2016, Dean moved to substitute Xin Zhang and Jiangtao Li as parties because Ayres sold the disputed property to Zhang and Li. ECF No. 73. Dean also moved to withdraw as counsel of record for Zhang and Li. *Id.* According to Dean, Zhang and Li had notice of the action, were directing counsel's actions in the case, but were refusing to pay money owed to counsel. *Id.* Finally, Dean moved to adjudicate a charging lien for the unpaid fees. *Id.*

Magistrate Judge Ferenbach set the matter for hearing. ECF No. 79. Judge Ferenbach denied the motion. ECF No. 82. Zhang and Li (through Dean) thereafter filed an answer. ECF No. 84.

Dean moves for reconsideration of Magistrate Judge Ferenbach's ruling. Dean states that he agreed to represent Zhang and Li but they have refused to pay outstanding legal bills. ECF No. 86. Dean also asserts there has been a breakdown in communications between himself, Zhang, and Li. He therefore requests he be allowed to withdraw. He also requests adjudication of a lien for attorney's fees.[1]

---

[1] Dean does not seek reconsideration of the substitution question because Zhang and Li were added as parties in the second amended complaint and served. ECF Nos. 44, 57, 58.

I review the magistrate judge's decision under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A). I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* § 636(b)(1). I "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

No one has opposed the motion for reconsideration. I therefore grant it as unopposed. *See* LR 7-2(d). Moreover, in light of the fact that Dean has since filed an answer on Zhang and Li's behalf, there has been a breakdown in communications, and Zhang and Li have not paid their attorney, I grant the motion to withdraw. Finally, I grant the motion for charging lien because the lien has been properly perfected.

**A. Motion to Withdraw**

Under Local Rule IA 11-6, an attorney may not withdraw after appearing in a case "except by leave of the court after notice has been served on the affected client and opposing counsel." Counsel's original motion to withdraw and notice of the hearing on that motion were served on opposing counsel, as well as on Zhang and Li via MRT Assets, LLC, which has power of attorney for Zhang and Li in relation to this action. ECF Nos. 77, 81, 83. Zhang and Li thus had notice of the motion. They did not oppose it or appear at the hearing. ECF No. 82. There are no pending motions in this action, the case is stayed, and Magistrate Judge Ferenbach's concern about the lack of an answer for Zhang and Li has been rectified. Dean's withdrawal therefore will not result in delay of discovery, the trial, or any hearing in the case. LR IA 11-6(e).

Nevada Rule of Professional Conduct 1.16(b)(5) provides that a lawyer may withdraw if the "client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Dean represents that there has been a breakdown in communication and that Zhang and Li have not paid amounts owed. Zhang and Li do not deny Dean's assertions and do not oppose the withdrawal. Consequently, I grant Dean's motion for reconsideration and permit him to withdraw as counsel for defendants Zhang and Li only. Dean remains counsel of record for defendant Ayres.

### B. Attorney's Lien

Under Nevada Revised Statutes § 18.015(1), an attorney can obtain two types of lien: (1) a charging lien and (2) a retaining lien. A charging lien is "for the amount of any fee which has been agreed upon by the attorney and client." Nev. Rev. Stat. § 18.015(2). A retaining lien may arise in a civil action and applies to "any file or other property properly left in the possession of the attorney by a client." *Id.* § 18.015(1)(b).

To perfect these liens, the attorney must serve "notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." *Id.* § 18.015(3). If the attorney properly perfects the liens, then the charging lien "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action.'" *Id.* § 18.015(4)(a). When perfected, the retaining lien "attaches to any file or other property properly left in the possession of the attorney by his or her client . . . and authorizes the attorney to retain any such file or property until such time as an adjudication is made pursuant to subsection 6." *Id.* § 18.015(4)(b). If the attorney files a motion under § 18.015, the court "shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien." *Id.* § 18.015(6).

For a court to adjudicate and enforce a charging lien, the "four requirements of NRS 18.015 must be met . . . ." *Leventhal v. Black & LoBello*, 305 P.3d 907, 909-10 (Nev. 2013). "First, there must be a 'claim, demand or cause of action, . . . which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted." *Id.* (quoting Nev. Rev. Stat § 18.015(1)). "Second, the attorney must perfect the lien by serving 'notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action.'" *Id.* (quoting Nev. Rev. Stat. § 18.015(2)). "Third, the statute sets a timing requirement: Once perfected, the 'lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on

1  account of the suit or other action, from the time of service of the notices required by this
2  section.'" *Id.* (quoting Nev. Rev. Stat § 18.015(3)).  Finally, "the attorney must timely file and
3  properly serve a motion to adjudicate the lien." *Id.* (citing Nev. Rev. Stat. § 18.015(4)).

4      Here, Zhang and Li filed an answer with no counterclaim affirmatively pleaded.
5  However, at the end of the answer, Zhang and Li request a declaration that they are the rightful
6  owners of the subject property. ECF No. 84 at 18.  Consequently, they have placed a demand or
7  claim to the property in Dean's hands for suit, and the first requirement is satisfied. *Leventhal*,
8  305 P.3d at 910 ("Fundamentally, NRS 18.015(3) requires a client to assert an affirmative claim
9  to relief, from which some affirmative recovery can result.").

10     Dean perfected the liens by sending a notice of attorney's lien by certified mail to
11 opposing counsel and to MRT Assets, LLC, which has power of attorney for Zhang and Li
12 regarding this action. ECF Nos. 73-4, 83.  Dean identified the amount of the charging lien as
13 $15,419.92, along with "court costs and out-of-pocket costs advanced by attorney in an amount to
14 be determined." ECF No. 73-4 at 2.  In his motion for reconsideration, Dean increased the
15 requested amount to $17,114.61 to account for fees incurred in preparing Zhang and Li's answer
16 and in preparing the lien. ECF No. 86 at 3.  Because Dean identified the amount both in terms of
17 dollar amount and that it could include court costs and other out-of-pocket costs to be determined,
18 Dean adequately identified the amount of the lien in his notice. *Cf. Golightly & Vannah, PLLC v.*
19 *TJ Allen, LLC*, 373 P.3d 103, 106 (Nev. 2016) (attorney working on contingency basis properly
20 complies with the requirement to state the amount of the lien by "disclos[ing] an attorney's
21 agreed upon contingency percentage and claim[ing] court costs and out-of-pocket costs advanced
22 by the attorney in an amount to be determined").  The notice also advised that Dean was claiming
23 a retaining lien. *Id.*

24     Dean's charging lien in the amount of $17,114.61 attaches to any verdict, judgment, or
25 decree entered, and to any money or property which is recovered, in this lawsuit in favor of
26 Zhang and Li from this date forward.  I will defer ruling on whether there is any basis to adjust
27 the lien until property or money (if any) is awarded to Zhang and Li in this action. *See Argentena*
28

1  *Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 781, 787 (Nev.
2  2009) (en banc) (stating that summary adjudication of a fee dispute is improper where the client
3  objects and asserts in defense attorney malpractice or misconduct); *Michel v. Eighth Judicial Dist.*
4  *Court ex rel. Cty. of Clark*, 17 P.3d 1003, 1008 (Nev. 2001) (discussing factors that may impact
5  charging lien).

6        The retaining lien attaches from this point forward to any file or other property properly
7  left in Dean's possession by Zhang and Li.  Dean is authorized to retain any such file or property
8  until such time as an adjudication is made pursuant to § 18.015(6) or some other mechanism
9  resolves the fee dispute.

10        **C. Conclusion**

11        IT IS THEREFORE ORDERED that The Dean Legal Group, Ltd's motion for
12  reconsideration **(ECF No. 86) is GRANTED**.

13        IT IS FURTHER ORDERED that Aaron Dean of The Dean Legal Group, Ltd is
14  withdrawn as counsel for defendants Xin Zhang and Jiangtao Li.  However, Aaron Dean of The
15  Dean Legal Group, Ltd remains as counsel of record for defendant Steven Ayres, Trustee of the
16  8117 Guava Nectar Trust.

17        IT IS FURTHER ORDERED that the clerk of court shall update the address for
18  defendants Xin Zhang and Jiangtao Li as:  c/o MRT Assets, LLC, 6085 W. Twain Ave, Suite 203,
19  Las Vegas, Nevada 89103.

20        IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order to
21  defendants Xin Zhang and Jiangtao Li at the above address.

22        IT IS FURTHER ORDERED that The Dean Legal Group, Ltd has perfected a charging
23  lien in the amount of $17,114.61 that attaches from this date forward to any verdict, judgment, or
24  decree entered, and to any money or property which is recovered, in this lawsuit in favor of
25  defendants Xin Zhang and Jiangtao Li.

26        IT IS FURTHER ORDERED that The Dean Legal Group, Ltd has perfected a retaining
27  lien that attaches from this point forward to any file or other property properly left in The Dean

28

Legal Group, Ltd's possession by defendants Xin Zhang and Jiangtao Li.  Dean is authorized to retain any such file or property until such time as an adjudication is made pursuant to § 18.015(6) or some other mechanism resolves the fee dispute.

DATED this 5th day of April, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE