UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC, <br><br>         Plaintiff <br><br> v. <br><br> ELKHORN COMMUNITY ASSOCIATION, et al., <br><br>         Defendants | Case No.: 2:15-cv-00477-APG-DJA <br><br> **Order (1) Granting Green Tree's Motion for Summary Judgment, (2) Denying Wu's Motion for Summary Judgment, and (3) Setting Deadline for Further Action on Remaining Claims** <br><br> [ECF Nos. 116, 117] |

Plaintiff Green Tree Servicing LLC (Green Tree) sues to determine whether a deed of trust encumbering property located at 8117 Guava Nectar Avenue in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Elkhorn Homeowners Association (Elkhorn). Defendant Steven Ayers, as trustee of the 8117 Guava Nectar Trust (Trust), purchased the property at the foreclosure sale. Trust counterclaims for unjust enrichment and a declaration that it purchased the property free and clear of the deed of trust. ECF No. 13. Trust also filed a third party complaint against the former homeowners, Lawrence and Jennifer Williams, to quiet title. *Id.*

Trust later quitclaimed the property to defendants Xin Zhang and Jiangtao Li, who filed an answer but did not assert counterclaims or third party claims. After the transfer to Zhang and Li, Trust disclaimed any interest in the property. ECF No. 72. Zhang and Li were later substituted for defendant Roger Wu. ECF No. 113. Wu did not file a separate answer or assert any counterclaims or third party claims. Elkhorn filed a third party complaint against its foreclosure agent, Angius & Terry Collections, LLC, for breach of contract, indemnity, and contribution. ECF No. 9.

Green Tree and Wu move for summary judgment on a variety of grounds. The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant Green Tree's motion and deny Wu's motion because no genuine dispute remains that the federal foreclosure bar in § 12 U.S.C. § 4617(j)(3) precluded the HOA foreclosure sale from extinguishing the deed of trust. I also grant Green Tree's motion for summary judgment on Trust's unjust enrichment claim because Trust did not respond and thus did not point to any evidence that Green Tree has been unjustly enriched. Finally, I set a deadline for Trust and Elkhorn to either voluntarily dismiss their third party claims or to move for judgment on those claims.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

1  light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523
2  F.3d 915, 920 (9th Cir. 2008).

3      **A. Federal Foreclosure Bar**

4      The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which
5  [the Federal Housing Finance Agency (FHFA)] is acting as a conservator," "[n]o property of
6  [FHFA] shall be subject to . . . foreclosure[ ] or sale without the consent of [FHFA]." Green
7  Tree argues that under the federal foreclosure bar, the HOA sale could not extinguish Federal
8  National Mortgage Association's (Fannie Mae) interest in the property because at the time of the
9  sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned an interest in the
10 property.

11     The applicability of the federal foreclosure bar is controlled by *Berezovsky v. Moniz*, 869
12 F.3d 923 (9th Cir. 2017). In that case, the Ninth Circuit held that the federal foreclosure bar
13 preempts Nevada law and precludes an HOA foreclosure sale from extinguishing the Federal
14 Home Loan Mortgage Corporation's (Freddie Mac) interest in property without FHFA's
15 affirmative consent. *Id.* at 927-31. That court accepted as proof of ownership the same type of
16 evidence offered in this case. *Id.* at 932-33. Consequently, Green Tree has met its initial burden
17 of showing Fannie Mae owned an interest in the property at the time of the sale.

18     The burden thus shifts to Wu to present evidence raising a genuine dispute about Fannie
19 Mae's interest. He has not done so. The fact that Fannie Mae's name does not appear as the
20 deed of trust beneficiary does not raise a genuine dispute that it does not own the note and deed
21 and trust. *See id.* at 932 (stating that Freddie Mac's interest in the property was "valid and
22 enforceable under Nevada law" even though "the recorded deed of trust names only the owner's
23 agent"); *Ditech Fin. LLC v. Saticoy Bay LLC Series 8829 Cornwall Glen*, 794 F. App'x 667, 668

(9th Cir. 2020) (rejecting purchaser's argument that because "Fannie Mae did not appear as the deed of trust's record beneficiary" it did not have a valid property interest); *JPMorgan Chase Bank, N.A. v. 7290 Sheared Cliff Lane Un 102 Tr.*, No. 18-16190, 2020 WL 827295, at *2 (9th Cir. Feb. 19, 2020) (stating that Fannie Mae's business records and declaration of its employee were "sufficient evidence of Fannie Mae's ownership of the loan even if the recorded deed of trust names only . . . Fannie Mae's loan servicer" (quotation omitted)).  Consequently, no genuine dispute remains that Fannie Mae owned an interest in the property at the time of the HOA foreclosure sale.

Many courts have rejected arguments similar to those Wu raises regarding bona fide purchaser status, due process, FHFA's non-consent, and recording requirements. *See, e.g.*, *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1147-51 (9th Cir. 2018) (due process, FHFA consent, and recording); *Bank of Am., N.A. v. Palm Hills Homeowners Ass'n, Inc.*, No. 2:16-cv-00614-APG-GWF, 2019 WL 958378, at *2 (D. Nev. Feb. 27, 2019) (failure to act before the sale, recording, bona fide purchaser).  I therefore grant Green Tree's motion as to its own declaratory relief claim and to Trust's declaratory relief counterclaim, and I deny Wu's motion.

**B.  Unjust Enrichment**

Green Tree moves for summary judgment on Trust's unjust enrichment counterclaim, arguing that Trust did not disclose evidence supporting this claim during discovery.  Trust did not respond to Green Tree's motion, so it has not pointed to evidence that would show it conferred a benefit on Green Tree or that Green Tree retained the benefit "under circumstances such that it would be inequitable for [Green Tree] to retain the benefit without payment for the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012)

(quotation omitted).  Further, Trust disclaimed it was seeking damages in its discovery disclosures.  ECF No. 117-19 at 4.  I therefore grant Green Tree's motion.

### C.  Remaining Claims

Trust filed a third party complaint to quiet title against the former homeowners, Lawrence and Jennifer Williams.  Elkhorn filed a third party complaint against its foreclosure agent, Angius & Terry Collections, LLC, for breach of contract, indemnity, and contribution.  Because no one moved for summary judgment on these claims, they remain pending.  These parties must now either voluntarily dismiss their claims or take action to pursue them.

## II.  CONCLUSION

I THEREFORE ORDER that plaintiff Green Tree Servicing LLC's motion for summary judgment **(ECF No. 117) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of plaintiff Green Tree Servicing LLC and against defendants Roger Wu and Steve Ayers, Trustee of the 8117 Guava Nectar Trust, as follows:  It is hereby declared that the non-judicial foreclosure sale conducted by Elkhorn Community Association on March 29, 2013 did not extinguish the deed of trust and the property located at 8117 Guava Nectar Avenue in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that defendant Roger Wu's motion for summary judgment **(ECF No. 116) is DENIED**.

I FURTHER ORDER that by July 1, 2020, Steve Ayers, Trustee of the 8117 Guava Nectar Trust and Elkhorn Community Association must either move for judgment or voluntarily

/ / / /

/ / / /

dismiss their third party claims or file a Joint Pretrial Order so the claims can be set for trial. If they do not take any of these actions by that date, I will dismiss the claims without prejudice.

DATED this 1st day of June, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

6